IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Watts, II, #90124 ) | C/A No. 8:14-2659-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| United States; FBI; and Unknown FBI Agents, ) | *for partial disposition* |
| ) | |
| Defendants. ) | |
| _____) | |

William T. Watts, II ("Plaintiff"), proceeding pro se, appears to bring this civil action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), alleging violations of his constitutional rights and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551. Plaintiff is a pretrial detainee at the Lexington County Detention Center ("LCDC") in Lexington, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Defendant Unknown FBI Agents should be summarily dismissed from this action without prejudice and without issuance and service of process. Further, service of process is authorized only for the FBI and United States with regard to Plaintiff's alleged FOIA claim; the remaining claims should be summarily dismissed.

Background

Plaintiff alleges he made a request to the FBI on June 22, 2014, pursuant to FOIA to obtain copies of reports of investigations into the Lexington County Sheriff's Department ("LCSD") that occurred on or around March 2012, October 2012, January 22, 2013, and May 19, 2014, and for "audits of LCSD policy and procedure and use of the x-ray drone." [Doc. 1 at 5–6; Doc. 1-2 at 2–4.] He alleges the FBI did not respond to his request, and he seeks this Court to order the FBI to respond to his FOIA request. [*Id*.]

Additionally, Plaintiff alleges the FBI is violating his constitutional rights "including the 6th amendment right to have witness and evidence in my favor, my right to life (to protect my life) and the persuit [sic] of happiness." [Doc. 1 at 1.] Among other things, he alleges the LCSD has used a drone to x-ray him more than 70,000 times, which has caused him to be physically ill. [*Id.*] The LCSD has allegedly used the x-ray drone everywhere Plaintiff goes, including the "grocery store, library, home, jail, court, Just Care, and Lexington County Community Health Center." [*Id.* at 2.] He alleges that the LCSD is trying to kill him or keep him in jail until he dies of cancer caused by the x-rays. [*Id.*] He also alleges that the FBI and LCSD have investigated him, and the LCSD and South Congaree Police Department ("SCPD") have harassed him. [*Id.*; Doc. 1-2 at 3.] Further, the FBI has allegedly prevented Plaintiff from learning the truth about what is happening to him, and the x-rays occur 80–180 times each day. [Doc. 1 at 4.] Plaintiff seeks the relief of this Court to order the FBI to produce evidence or reports about him, order the FBI to assist anyone needing help, and order the FBI to help Plaintiff "get out of jail and Just Care." [Doc. 1-2 at 5.]

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Discussion

The Complaint is filed in part pursuant to FOIA, which permits a plaintiff to file a civil action seeking to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld. *See* 5 U.S.C. § 552(a)(4)(B). The only proper defendant in an FOIA action is the agency that has withheld records. *See Pickens v. United States Dep't of Justice*, C/A No. 2:11-1168-RBH-JDA, 2012 WL 762007, at *1 n.1 (D.S.C. Feb. 2, 2012) (explaining that two individuals had been terminated as parties in the FOIA action), *adopted* 2012 WL 761995 (D.S.C. March 7, 2012), *appeal dismissed* 479 F. App'x 460 (4th Cir. 2012); *Benavides v. Bureau of Prisons*, 774 F. Supp. 2d 141, 143 n.1 (D.D.C. 2011) ("The DOJ is an executive agency to which the FOIA applies, and the Court considers the DOJ as the proper party defendant."); *Reich v. United States Dep't of Energy*, 784 F. Supp. 2d 15, 20 (D. Mass. 2011) (Oak Ridge National Laboratory was not an appropriate defendant because it does not constitute a federal agency for FOIA purposes). Here, although Plaintiff does not allege that he filed an administrative appeal to obtain the FOIA records from the FBI, he does allege that the FBI simply failed to respond to his requests. If a federal agency does not timely respond to an FOIA request, the requester may proceed directly to federal court in the face of an unresponsive agency. *See Coleman v. DEA*, 714 F.3d 816, 818–20 (4th Cir. 2013). Therefore, liberally construing Plaintiff's Complaint, he states a cognizable FOIA claim against the FBI, and, service of process is authorized for the FBI and the United States.[1]

---

[1] Service of process is authorized for the United States based on Fed. R. Civ. P. 4(i).

However, the remainder of Plaintiff's claims and the Defendant Unknown FBI Agents should be summarily dismissed. In *Bivens v. Six Unknown Fed. Narcotics Agents*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. *Id*., 403 U.S. 388, 397 (1971); *see also Cioca v. Rumsfeld*, 720 F.3d 505, 508–11 (4th Cir. 2013) (explaining the narrow reach of *Bivens* implying a right of action against a government official). To the extent Plaintiff brings a claim against any of the Defendants pursuant to *Bivens* seeking to prove that his constitutional rights have been violated, the claims should be dismissed because they are factually frivolous. For example, Plaintiff's contention that he has been x-rayed 80–180 times each day by an x-ray drone, that the drone follows Plaintiff everywhere he goes, including the "grocery store, library, home, jail, court, Just Care, and Lexington County Community Health Center," and that police officials are jailing him until he dies of cancer are fantastic, fanciful, or delusional allegations. *See Feurtado v. McNair*, C/A No. 3:05-1933-SB, 2006 WL 1663792 (D.S.C. June 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 Fed. Appx. 303 (4th Cir. May 15, 2007); *Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *cf. Sloan v. City of Asheville Police*, No. 91-6330, 1992 WL 212141 (4th Cir. 1992) (finding that allegations by a homeless person that he was harassed by police is not inherently fantastic or delusional).

Therefore, this Court should dismiss all of Plaintiff's claims, except the FOIA claim, based on frivolousness.

Finally, to the extent Plaintiff brings a *Bivens* claim seeking the relief of release from jail and Just Care, release from incarceration is not available in this civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). Thus, Plaintiff also fails to state a claim on which relief may be granted (except with regard to the FOIA claim).

## Recommendation

It is recommended that the District Court dismiss Defendant Unknown FBI Agents from this action without prejudice and without issuance and service of process and all of Plaintiff's claims except the FOIA claim. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending, and, at this time, service of process is authorized for Defendants FBI and United States only for the FOIA claim. **Plaintiff's attention is directed to the important notice on the next page.**

August 12, 2014                                  s/ Jacquelyn D. Austin
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).