IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William T Watts, II,<br><br>    Plaintiff,<br><br>v.<br><br>United States and FBI,<br><br>    Defendants.[1] | Case No. 8:14-cv-02659-TMC-JDA<br><br>**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on a motion to dismiss or, in the alternative, for summary judgment filed by Defendants. [Doc. 34.] Plaintiff, proceeding pro se, brought this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), alleging violations of his constitutional rights and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551.[2] [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters involving litigation by individuals proceeding pro se and to submit findings and recommendations to the District Court.

---

[1] On September 22, 2014, Defendant Unknown FBI Agents was dismissed from this action. [Doc. 20; *see also* Doc. 14.] Consequently, the United States and FBI are the only defendants remaining in this action. However, Defendants correctly assert that Defendant FBI is the only proper defendant in this case. *See* 5 U.S.C. § 552(a)(4)(B) (providing a cause of action only against an "agency" for improperly withholding agency records). Accordingly, Defendant United States should be dismissed from this action.

[2] On September 22, 2014, the Court dismissed all of Plaintiff's claims except the FOIA claim. [Doc. 20; *see also* Doc. 14.]

Plaintiff's Complaint was filed on June 26, 2014.[3]  [Doc. 1.]  On October 8, 2014, Defendants filed a motion to dismiss or, in the alternative, for summary judgment.  [Doc. 24.]  The same day, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond to Defendants' motion for summary judgment.  [Doc. 25.]  On November 17, 2014, Plaintiff filed a response in opposition to Defendants' motion.  [Doc. 34.]  Accordingly, Defendants' motion is now ripe for review.

## **BACKGROUND**[4]

Plaintiff claims that on or around January 23, 2013, his lawyer called the FBI to subpoena evidence and was told that the FBI does not confirm any investigations.  [Doc 1 at 3–4.]  Plaintiff further alleges that, on or around June 9, 2014, he called the FBI to follow up on a subpoena request and was told to have it served.  [*Id.* at 4.]  Plaintiff attempted to have the District Court serve the FBI with a subpoena but was provided a prisoner package to sue.  [*Id.*]

Plaintiff alleges he made a request to the FBI on June 22, 2014, pursuant to FOIA, to obtain copies of reports of investigations into the Lexington County Sheriff's Department ("LCSD") that occurred on or around March 2012, October 2012, January 22, 2013, and May 19, 2014, and for "audits of LCSD policy and procedure and use of the x-ray drone."

---

[3]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, construing the filing date in the light most favorable to Plaintiff, the Complaint was filed on June 26, 2014.  [Doc. 1 at 6 (Complaint, signed by Plaintiff on June 26, 2014).]

[4]The facts included in this Background section are taken directly from the portions of Plaintiff's Complaint addressing his FOIA claim.

2

[Doc. 1 at 5–6; Doc. 1-2 at 2–4.]  He alleges the FBI did not respond to his request, and he seeks this Court to order the FBI to respond to his FOIA request. [Id.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Pro se pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the pro se complaint is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**s

### *Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  Fed.R.Civ.P. 12(b)(1).  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without

3

converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### *Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). If matters outside the pleadings are presented

to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts

5

consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

If on a motion pursuant to Rule 12(b)(6), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.

**Summary Judgment Standard**

Rule 56 states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

6

U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson,* 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

Defendant FBI contends it is entitled to summary judgment because no request for records has been received from Plaintiff and Plaintiff has provided no evidence that he made the request.  [Doc. 24 at 5–6.]  Defendant FBI further contends Plaintiff has failed to exhaust his administrative remedies under FOIA and, thus, judicial review is precluded.  [*Id.*]  The Court agrees.

Exhaustion of administrative remedies is required before pursuing a FOIA claim in federal court.  *See Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990) (holding that a claimant must exhaust all administrative remedies before seeking judicial review of a FOIA request); *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003).  To begin the exhaustion of administrative remedies process, a requester must make a formal request under FOIA by filing his request with the proper official/office of the agency in accordance with the terms of that agency's regulations.  *See Kessler v. United States*, 899 F.Supp. 644 (D.D.C. 1995); *Am. Fed'n of Gov't Emps. v. U.S. Dep't of Commerce*, 907 F.2d 203, 209 (D.C. Cir. 1990); *Dettmann v. U.S. Dep't of Justice*, 802 F.2d 1472, 1476–77 (D.C. Cir. 1986); *Church of Scientology v. IRS*, 792 F.2d 146, 150 (D.C. Cir. 1986).

In support of its motion, Defendant FBI provides the declaration of David M. Hardy ("Hardy"), Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division, of the FBI in Winchester, Virginia.  [Doc. 24-1.]  Hardy declares that he is familiar with the procedures followed by the FBI in responding to requests pursuant

to FOIA and describes the FBI's procedures for receiving, reviewing, processing, and tracking such requests. [*Id.* ¶¶ 3–5.] Hardy avers the FBI's FOIA/Privacy Act ("FOIPA") request letter is located on the FBI's FOIPA website and that there are three options for sending requests to the FBI: mailing the request to RIDS in Winchester, Virginia[5]; faxing the request to (540) 868-4391 or (540) 868-4997; or emailing the request to foiparequest@ic.fbi.gov. [*Id.* ¶ 5.] RIDS conducted a search of the requests received using both Plaintiff's name and his lawyer's name in the "subject" field and in the "requester" field; all searches yielded negative results for the receipt or existence of any FOIPA request submitted by or on behalf of Plaintiff. [*Id.* ¶¶ 6–7.]

In response, Plaintiff alleges he mailed his FOIA request to the FBI at 151 West Park Blvd., Columbia, SC, 29201, by placing the letter into the internal mail system at the Lexington County Detention Center ("LCDC"), and has not received a returned letter. [Doc. 34 at 1.] Plaintiff claims that this Court has already decided, prior to service, that the FOIA request had been mailed and that the FBI failed to respond. [*Id.* at 2.] However, Plaintiff misreads the Court's previously filed Report and Recommendation. The portion of the Report and Recommendation Plaintiff relies on is merely reciting the allegations in Plaintiff's Complaint, not making findings of fact. [Doc. 14 at 4.] Similarly, Plaintiff misreads Defendants' motion as conceding that the request was mailed but stating that they never received it. [Doc. 34 at 2.] Finally, Plaintiff requests an additional 34 days to send a FOIA request to RIDS and a subpoena to the FBI and LCDC. [*Id.* at 3.]

---

[5]As of March 2009, all FOIA requests to the FBI are submitted directly to RIDS in Winchester, Virginia, rather than to the field office likely to maintain the records. [Doc. 24-1 at 3 n.1.]

Here, Plaintiff does not even allege that he attempted to submit a FOIA request in one of the three manners provided for on the FBI's FOIPA website. Additionally, other than his own conclusory allegations, Plaintiff has failed to provide any evidence, including but not limited to an affidavit from the mail room personnel at LCDC, establishing that he actually mailed a letter to the Columbia FBI office. Accordingly, even viewing the allegations in a light most favorable to Plaintiff, Plaintiff has failed to exhaust his administrative remedies, which is a prerequisite to filing a civil lawsuit. Thus, judicial review of Plaintiff's FOIA claim is precluded.[6]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Defendants' motion to dismiss or, in the alternative, for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

July 24, 2015
Greenville, South Carolina

---

[6] Because Plaintiff has failed to exhaust his administrative remedies with respect to his FOIA claim, which is required before pursuing a FOIA claim in federal court, the undersigned recommends the Court decline to allow Plaintiff an additional 34 days to properly serve his FOIA request.