IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| William T. Watts, II, ) | |
| ) | Civil Action No. 8:14-2659-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| United States and FBI, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, William T. Watts, II, proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), alleging violations of his constitutional rights and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 551. (ECF No. 1). On September 22, 2014, the court dismissed all of Plaintiff's claims except for the FOIA claim. (ECF No. 20). On October 8, 2014, Defendants moved to dismiss or, alternatively, for summary judgment with regard to the FOIA claim. (ECF No. 24). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendants' motion to dismiss or, in the alternative, for summary judgment be granted. (ECF No. 46). Plaintiff was advised of his right to file objections to the Report, and he filed timely objections. (ECF No. 48). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. §

1

636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

Plaintiff filed this case on July 3, 2014, asserting that the FBI never responded to his June 22, 2014 FOIA request. (ECF No. 1-2 at 4). Defendants' motion to dismiss or, in the alternative, for summary judgment was based on Plaintiff having never filed a FOIA request on June 22, 2014, with the FBI, as well as the United States not being a proper defendant. (ECF No. 24). In support of their motion, Defendants attached an affidavit from David M. Hardy ("Hardy"), the Section Chief of the Record/Information Dissemination Section, Records Management Division, of the FBI in Winchester, Virginia. (ECF No. 24-1). In his affidavit executed on September 9, 2014, Hardy averred that the FBI had not received a FOIA request from Plaintiff on or around June 22, 2014. (ECF No. 24-1). In response to Defendants' motion, Plaintiff asserted that he mailed a FOIA request on or around June 22, 2014. (ECF No. 34). He did not attach any proof that he sent a FOIA request to the FBI.

The Report recommended that judgment be granted in favor of the FBI. (ECF No. 46 at 8–10). The Report also found that the United States is not a proper party in this lawsuit brought pursuant to the FOIA and recommended the dismissal of the United States. (ECF No. 46 at 1 n.1).

Plaintiff objected to the Report. (ECF No. 48). His first objection concerns the Report's discussion of the three means to send a FOIA request. (ECF No. 48 at 1). To prove that mailing a FOIA request outside of those means is sufficient, Plaintiff attached a FOIA request that he submitted in November 2014 to show he can mail a request to the FBI office in Columbia, South Carolina.[1] Even if Plaintiff can mail a FOIA request to the FBI office in Columbia, South

---

[1] This request is not the subject of this lawsuit. Plaintiff filed this case about an alleged failed response to his June 2014 FOIA request. In their Reply to Plaintiff's objections, Defendants attached an affidavit from Hardy, in which

Carolina, which is not evident from the attached exhibit, that is insufficient proof that he did in fact submit a request on that date.

Plaintiff next claims that his assertion that he sent the FOIA request is proof that he did in fact send the request. (ECF No. 48 at 1). However, a party cannot rest on bare, conclusory allegations in response to summary judgment. *See* Fed. R. Civ. P. 56(c) & (e) (requiring the non-movant to come forth with evidence after the movant has shown that no genuine issue of material fact exists); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989); *see also Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) ("Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."). Therefore, the court finds that the statement by Plaintiff is insufficient to defeat the motion for summary judgment. In addition, because Plaintiff has failed to create a genuine issue of material fact concerning whether he sent a FOIA request in June 2014, his third objection—that he exhausted administrative remedies—is without merit.

Plaintiff also contends that he has been denied discovery. (ECF No. 48 at 2). On December 11, 2014, Defendants filed a motion to stay discovery or for a protective order because Plaintiff served discovery requests on Defendants. (ECF No. 38). On December 15, 2014, Plaintiff filed a motion to produce discovery. (ECF No. 39). On January 13, 2015, the magistrate judge issued a text order granting Defendants' motion to stay discovery or for a

---

he states that the FBI handled Plaintiff's November 2014 request, and the FBI responded to Plaintiff on or about February 9, 2015. (ECF No. 53-1 at 3). Plaintiff's November 2014 FOIA request appears to cover the same information he seeks in this case, namely information concerning audits and investigations into the Lexington County Sheriff's Department and that Department's use of an x-ray drone. (ECF No. 48-1 at 2). In his affidavit, Hardy also reiterated that the FBI had never received a FOIA request from Plaintiff in June 2014. (ECF No. 53-1).

protective order and denying Plaintiff's motion to produce discovery. (ECF No. 42). Plaintiff failed to file timely objections to that order. *See* Fed. R. Civ. P. 72 (requiring a party to file specific, written objections within fourteen days of an order). Finding no clear error in the magistrate judge's order, the court finds this objection without merit.

Finally, Plaintiff has failed to object to the Report's finding that the United States should be dismissed. Therefore, Plaintiff has waived his right to de novo review of that issue. Finding no clear error, the United States is hereby dismissed from this action.

Accordingly, after a thorough review of the record, the court adopts the Report (ECF No. 46) and incorporates it herein. Therefore, the defendants' motion (ECF No. 24) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 11, 2015

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if applicable.